The defendant-appellant, Dartanion Brooks, (hereinafter "appellant") appeals from his conviction by a jury in Cuyahoga County Common Pleas Court on or about October 24, 1997 on one count of kidnaping, one count of felonious assault, and one count of gross sexual imposition.
The appellant was indicted on the above referenced three counts on approximately September 15, 1997. The events underlying the indictment occurred on or about September 2, 1997. According to the testimony of the victim, and the exhibits introduced at trial, the appellant broke into the victim's apartment while she was out and scribbled extremely vulgar and threatening epitaphs all over the apartment walls and closet doors. The appellant then waited for the victim to return home. Once the victim entered the apartment, the appellant proceeded to beat her about the head and shoulder area with a closed fist and then struck the victim repeatedly with a belt, which had been tied into a knot at the end. During the period in which the appellant was physically assaulting the victim, he repeatedly threatened to kill her.
In addition to beating and whipping the victim, the appellant severely cut the victim's legs with a pocket knife. The victim required fourteen stitches to her inner right thigh in order to suture one of the wounds inflicted by the appellant's stabbing attack. After the appellant was finished physically battering the victim, he forced her to pose for a number of very degrading photographs in order that he would have "something to remember [her] by." In one of these pictures the appellant's hand and watch are visible, and the appellant is clearly molesting the victim's breast with the hand in question. Additionally, the appellant forced the victim to take a photograph of himself in the nude. All of these pictures were introduced into evidence at trial.
At trial, the victim, who was a former girlfriend of the appellant and the mother of two of his children, testified repeatedly that the appellant had subjected her to the physical and emotional abuse outlined above on the day in question. Two City of Cleveland police officers who testified stated that they observed the victim's physical injuries soon after the incident and that they were consistent with the photographs admitted into evidence. The police officers also testified that the condition of the crime scene was consistent with the photographic exhibits introduced at trial. The trial court conducted an in camera inspection of the victim's written statement given to the investigating officers and found no inconsistencies with the testimony of the victim at trial. The appellant did not testify at trial, nor did he present any witnesses on his behalf.
The jury found the appellant guilty on all three counts contained in the indictment. On or about October 29, 1997, the trial court sentenced the appellant to three years of imprisonment on the kidnaping count, three years on the felonious assault count, and eighteen months on the gross sexual imposition count. The trial court ordered that the three sentences be served concurrently.
The within appeal presents a single assignment of error for this court's review:
 I. APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. Cityof Cleveland (1948), 150 Ohio St. 303, 345.
The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence.
In State v. Martin (1983), 20 Ohio App.3d 172, the court set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that them conviction must be reversed and a new trial ordered. Martin at 175, citing Tibbs v. Florida
(1982), 457 U.S. 31, 38, 42.
Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. Hence, we must accord due deference to determinations of those issues made by the trier of fact.
In the instant case, the victim testified credibly that the appellant violently beat her, restrained her from leaving her own apartment, humiliated her for a prolonged period and sexually molested her. The victim's testimony in these respects was unrebutted.
The appellant now alleges that the police officers were derelict in not testing more of the objects found in the apartment for fingerprints or in attempting to retrieve hair and/or blood samples from the apartment. Yet, there was testimony at trial that some items could not be fingerprinted because they had been contaminated and other items (e.g., the belt used to beat the victim) were not conducive to obtaining fingerprints. The police did attempt to fingerprint the lipstick case used to write obscenities all over the apartment walls, but were not successful in obtaining usable prints. There was also testimony at trial that it would have been useless to attempt to obtain any hair or blood sample from the apartment because of the fact that the appellant once lived in the apartment and, at the time of the attack, was still a frequent visitor to the apartment. If the police had found the appellant's blood or hair in the apartment, it would not have established anything. There is absolutely no evidence that the appellant was in any way prejudiced by the police department's decision not to conduct additional forensic testing of the victim's apartment.
In the instant case there was no "conflict of evidence" that the jury could have "lost its way" in resolving. See Martin,supra, at 175. The quantum of evidence introduced by the state at trial conclusively and overwhelmingly established that the. appellant was guilty of kidnaping, felonious assault and gross sexual imposition. The trier of fact did not lose its way or create a manifest miscarriage of justice. Therefore, the appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, PJ., and PATTON, J., CONCUR.
 ___________________________________ MICHAEL J. CORRIGAN JUDGE